**Earl J. AMEDEE**

v.

**Douglas FOWLER, Custodian of Voting Machines, State of Louisiana.**

**Civ. A. No. 3400.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Oct. 31, 1967.

A. P. Tureaud, New Orleans, La., for plaintiff.

Jack P. F. Gremillion, Atty. Gen., of Louisiana, Carroll Buck, First Asst. Atty. Gen., Thomas W. McFerrin, Asst. Atty. Gen., Kenneth C. Dejean, Special Counsel, Baton Rouge, La., Wesley R. Wirtz, Asst. Atty. Gen., Floyd J. Reed, Special Asst. Atty. Gen., for defendant.

Before WISDOM, Circuit Judge, and WEST and HEEBE, District Judges.

PER CURIAM.

Plaintiff seeks a declaratory judgment declaring Section 351 of Title 18 of the Revised Statutes of the State of Louisiana to be unconstitutional as violative of the due process and equal protection clauses of the Fourtenth Amendment to the United States Constitution, and violative generally of plaintiff's civil rights. He seeks a permanent injunction enjoining and restraining the defendant from administering the law of the State of Louisiana and from performing the duties of his office so as to effectuate the mandate contained in Section 351 of Title 18 of the Louisiana Revised Statutes. Jurisdiction of this Court was invoked under the provision of 28 U.S.C.A. § 1343(3) and (4), and this three judge court was convened pursuant to the provisions of 28 U.S.C.A. § 2281.

The statute in question reads as follows:

"Whenever in any political district or political subdivision there are two or more officers of the same kind or character to be elected, such as two or more senators to be elected from the same senatorial district, or two or more representatives to the House of Representatives to be elected from the same representative district, or two or more district judges from the same judicial district, or two or more members of the school board or two or more justices of the peace, or two or more police jurors from the same ward, or two or more members of a party committee, each elector shall vote for as many candidates as there are places to be filled. Whenever an elector shall vote for a lesser number of candidates than there are places to be filled, the ballot shall not be counted for any one of the plural candidates voted for thereon, but shall be considered and counted as if no one of the plural candidates had been voted for. In other respects and for other offices the ballot shall be considered good, and shall be counted.

"This Section does not apply to nomination of candidates for the state senate in senatorial districts composed of two parishes wherein one senator is to be elected from each parish." LSA–R.S. 18:351.

Plaintiff contends that it is violative of his constitutional and civil rights to require him to vote for as many candidates as there are offices to be filled under penalty of having his vote cancelled if he votes for a lesser number of candidates. He bases his argument on the contention that the purpose of this act is to prevent a member of a minority group, and more specifically, a member of the Negro race, from being elected to public office.

Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted, and a motion to dissolve the three judge court and to remand the case for determination by a single judge. The Court decided to carry these motions with the case and to hear the case on its merits. The hearing was held on October 27, 1967, when both evidence and arguments were presented to the Court.

█ It is now the opinion of this Court that this case is properly before a three judge court, and hence, defendant's motion to dissolve the three judge court is denied. And since this Court concludes that, on the merits, plaintiff is not entitled to the relief he seeks, defendant's motion to dismiss for failure to state a claim becomes moot.

█ Of course, if the evidence had shown that the real purpose of the statute in question was to prevent a member of a minority group from being elected to public office, rather than to accomplish some legitimate objective of the State, it might well be that serious constitutional questions would be presented. But the fact of the matter is that this statute, or one substantially the same as this statute, has been in full force and effect in the State of Louisiana since the year 1916. At the time of its first enactment in 1916 there were scarcely 1,000 Negroes registered to vote in the State. And indeed, there were few, if any more than that registered to vote until about the year 1947. During all of those years it was scarcely necessary for such a statute to be enacted to prevent a Negro from attaining public office. Since 1947, many more Negroes have been registered until today, some 252,000 or more are on the voting rolls. But the statute has remained substantially the same since 1916. There is simply no evidence in this case to suggest that the purpose of the statute was or is to prevent Negroes from being elected to public office.

This same question was recently passed upon by a three judge federal court in South Carolina and its holding affirmed by the United States Supreme Court in the case of Boineau v. Thornton, D.C., 235 F.Supp. 175 (1964), aff'd, 379 U.S. 15, 85 S.Ct. 151, 13 L.Ed.2d 84, reh. den. 379 U.S. 917, 85 S.Ct. 264, 13 L.Ed.2d 189, wherein the Court said:

"Full participation of the electorate in the important process of selection of the individuals who are to represent its members in the House of Representatives is a legitimate objective of the state, and that objective is served by the statutory plan even in this extraordinary situation resulting from the Republican Party's presentation of a partial slate." 235 F.Supp. at 181.

"We conclude that South Carolina's requirement that, in multiple office races, each voter must vote for as many persons as are to be elected or nominated, is neither generally unconstitutional, as the plaintiffs contend, nor is it so as applied in the particular context of the impending general election in Richland County." 235 F.Supp. at 182.

█ We now conclude that under the circumstances of the present case, *Boineau* is controlling, and that plaintiff is not entitled to the relief he seeks. The complaint will therefore be dismissed.